708

NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

MARY RIDGE, PETITIONER, v. EDWARD J. GRASSMAN, RESPONDENT.

For the petitioner, *Connolly & Hueston.*

For the respondent, *McDermott, Enright & Carpenter.*

This case came on for hearing before the workmen's compensation bureau at Elizabeth on Tuesday, August 21st. It was stipulated between the attorneys for the respective parties that the deceased, George Ridge, was employed by the respondent as a watchman and was in his employ on January 21st, 1928, at which time he received a wage of $36 per week, and that on the day in question, shortly after eight-thirty P. M., he was found dead with a bullet wound in his neck on North avenue, Elizabeth, where he had been working as a watchman for the respondent.

The attorneys for the respective parties * * * stipulated upon the record a stenographic transcript of the testimony of Vincenzo Carbone, another employe of the respondent, Edward J. Grassman, who was also employed as a watchman on North avenue at that time. The testimony of Vincenzo Carbone shows that he was asked to act as a watchman that night because thieves had been stealing parts of the steamshovel and tools; that there was a shanty which was used by the workmen in which there was a stove; that it was very cold and he took a bag at about eight-thirty P. M. and went over to the steamshovel to get some coal; that he went around the machine and a man came running and jumped

over the fence; that there were three or four other men screaming far away; that as he was picking up the bag that the coal was in, a man came and struck him with a razor on the hand and on the neck where he still had scars; that he stepped back and fell over some pipes; that the man got hold of his neck and got on top of him; that he grabbed hold of the wrist that he had the razor in and with his other hand took a gun from his back pocket and shot in the rear to scare him, not at him; that the other man heard a noise and turned around when Carbone shot him and he fell to the ground.

It appears from the testimony that Carbone returned to his room, taking the razor from the other man who happened to be Ridge, also taking his gun, which was empty, and throwing it away on his return home; that he reported what had happened to a friend of his and that they both reported to a foreman for Edward J. Grassman, after which Vincenzo Carbone disappeared for a period of time and later surrendered himself to a police officer, was tried for murder and acquitted.

The petitioner rested and the attorney for the respondent moved to dismiss the case on the ground that there was no proof of the happening of any accident arising out of and in the course of the employment of George Ridge by the respondent, and on the further ground that if the said George Ridge was acting to protect the property of the respondent, he had no authority or occasion and was not justified in using a razor upon Vincenzo Carbone; that his act in so doing was willful and malicious, by reason of which the respondent would not be responsible.

As the case involved a close question of law as to whether or not the respondent was responsible to the petitioner for compensation for the death of her husband, the parties agreed to and submitted a proposition of settlement. I called and examined Mrs. Mary Ridge and find that she is satisfied with the settlement submitted and thoroughly understands same. I find that the said George Ridge is survived by his wife, Mary Ridge, and by a son Paul Ridge, born July 11th, 1925,

and a son John Ridge, born May 19th, 1927. I have considered the testimony carefully and believe that the amount offered by the respondent is a fair and, in fact, liberal offer in view of the questions involved.

It is therefore * * * ordered that a compromise judgment be entered in favor of the petitioner, Mary Ridge, and her children, Paul Ridge and John Ridge, against the respondent, Edward J. Grassman, for compensation for the death of George Ridge, for one hundred and fifty weeks at $16.20 per week, amounting to $2,430, for two hundred and one weeks at $14.40 per week, amounting to $2,894.40, and for an additional fifty-nine weeks at $12.60 per week, amounting to $743.40.

It is further ordered that judgment be entered against the respondent, Edward J. Grassman, and in favor of the petitioner, Mary Ridge, for funeral expenses to the extent of $150.

It is further ordered that the respondent pay to the attorney for the petitioner a counsel fee of $400.

CHARLES E. CORBIN,<br><em>Deputy Commissioner.</em>